IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMIT KUMAR,<br>Petitioner,<br>v.<br>WARDEN, NORTHWEST ICE PROCESSING CENTER and UNITED STATES OF AMERICA, Interested Parry,<br>Respondents. | No. 2:26-CV-2827-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Motion to Expedite, ECF No. 9. Petitioner is representing himself. Respondents are represented by Peter H. Clark.

Petitioner is a citizen of India who entered the United States on April 9, 2023, seeking asylum. After being detained by a U.S. Border Patrol officer the following day, the agency released Petitioner on an Order of Release on Recognizance (OREC) on April 12, 2023. Since then, he has pursued immigration relief. On July 21, 2026, Petitioner reported for an immigration-related interview and was detained by immigration officials without prior notice or an opportunity to be heard. He has remained detained since at the Northwest ICE Processing Center, where he remains.

In determining whether a petitioner who was released and later re-detained is subject to mandatory or discretionary detention, courts may consider the government's treatment of the petitioner and the context of the decision to release them. *Pantoja Sanchez v. Hernandez*, No. 2:26-CV-00884-TMC, 2026 WL 1506130, at *2 (W.D. Wash. May 29, 2026). The discretionary decision to release Petitioner under an OREC supports the conclusion that he is subject to discretionary detention under 8 U.S.C. § 1226. *Aguilar-Graterol v. Warden/Facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Further, release under an OREC is authorized under § 1226(a)(2)(B), and noncitizens released on an OREC that are later re-detained are subject to § 1226. *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1115-16 (9th Cir. 2007); *Shcralishocvich Azimov v. Scott*, No. 2:26-CV-02846-TMC, 2026 WL 2797213, at *2 (W.D. Wash. Sept. 18, 2026) ("A petitioner…released on an OREC after initial detention… is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute.").

Given the information available at this time, it does not appear that Petitioner has a qualifying prior criminal conviction that would subject him to mandatory detention under 8 U.S.C. § 1226(c). As Petitioner is not detained pursuant to 8 U.S.C. §§ 1225(b) or 1226(c), he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). Id.; See also, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those factors are (1) "the private interest that will be

affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV 00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released on an Order of Release on Recognizance, has existed in the United States since 2023, and has been attending check-ins while awaiting his appeal. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, the Court finds it appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Post deprivation procedures, such as a bond hearing conducted after a petitioner has already been detained for some length of time, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Motion to Expedite, ECF No. 9, are **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

//

//

//

//

//

//

//

//

//

//

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and Petitioner.

**DATED** this 13th day of November 2026.

Stanley A. Bastian
United States District Judge